Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 4313 | DATE | 5/10/2001 |
| CASE TITLE | S.C. WANG vs. BELL & HOWELL | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Discovery to close by September 28, 2001. Parties are to submit a proposed rule 26 order by October 9, 2001. Pretrial conference set for October 16, 2001 at 11:00 a.m. Trial set for October 29, 2001 10:00 a.m. Enter Memorandum Opinion and Order. Defendant's motion to dismiss is granted in part and denied in part.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 14 2001 | 32 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 MAY 11 PM 8:08 | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

S.C. WANG, )
)
Plaintiff, )
) No. 00 C 4313
v. )
) Judge John W. Darrah
BELL & HOWELL DOCUMENT MANAGEMENT )
PRODUCTS COMPANY, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, S. C. Wang (Wang), filed suit against defendant, Bell & Howell Document Management Products Co. (Bell & Howell), alleging California state law claims of breach of implied-in-fact contract, breach of the covenant of good faith and fair dealing, solicitation of employees by misrepresentation, and wrongful termination in violation of public policy. Before this Court is the defendant's Motion to Dismiss Plaintiff's Complaint.

In January 1997, Bell & Howell hired Wang as a Product Manager at Bell & Howell's Skokie, Illinois office. Wang originally expressed reluctance to accept the position; however, Bell & Howell raised the salary offer and offered a moving and relocation package. On April 7, 1997, Bell & Howell terminated Wang for poor performance.

On June 20, 1998, Wang filed a *pro se* complaint against Bell & Howell in the United States District Court for the Northern District of California. In his complaint, Wang alleged he was terminated on the basis of his national origin in violation of Title VII of the Civil Rights Act of 1964 and on the basis of his age in violation of the Age Discrimination Act. In October 1998, the case was transferred to the Northern District of Illinois. In May 1999, Wang, now represented by counsel,

amended his complaint removing the age discrimination claim. In July 2000, Bell & Howell filed a motion for summary judgment, which was subsequently granted on December 11, 2000, and the case was terminated.

On April 5, 2000, while the Title VII case was pending in the Illinois Court, Wang filed a second *pro se* complaint (the present suit) against Bell & Howell in the California Superior Court. In this complaint, Wang alleged four California state law causes of action. The case was removed to the United States Court for the Northern District of California based on diversity and the amount in controversy; and on July 20, 2000, the case was transferred to the Northern District of Illinois.

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the complaint are taken as true. *Bontkowski v. First National Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). The complaint should not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Bell & Howell argue that all of Wang's claims are barred by the applicable statute of limitations.

Count I of Wang's complaint alleges a breach of implied-in-fact contract. Wang argues that the claim is not time barred because the claim is founded upon an instrument -- specifically, a job confirmation letter he received from Bell & Howell and Bell & Howells' relocation policy. Bell & Howell argue that Wang's claim does not derive from a written contract; therefore, the applicable statute of limitations is two years from the date of his termination.

2

A claim based on "an action upon any contract, obligation or liability founded upon an instrument in writing" must be filed within four years of the breach of the alleged contract. Cal. Civ. Proc. Code § 337; *Romano v. Rockwell Int'l Inc.*, 14 Cal. 4th 479, 459 (1996). The four-year statute of limitations applies not only to express obligations under the written contract but also to a breach of an implied promise arising out of the contract. *Beasley v. Wells Fargo Bank*, 235 Cal. App. 3d 1383, 1401 (1992). The promise must arise directly from the writing itself and be included in its terms. *Simmons v. Birge Co.*, 52 F.Supp. 629, 634 (S.D. Cal. 1943); *see also O'Brien v. King*, 164 Cal. 769, 772 (1917) ('A cause of action is not upon a written contract founded upon an instrument in writing, within the meaning of the Code, merely because it is in some way remotely or indirectly connected with such an instrument, or because the instrument would be a link in the chain of evidence establishing a cause of action ... the instrument must, itself, contain a contract to do the thing for the nonperformance of which the cation is brought' (citation omitted)). A claim based on an oral contract must be filed within two years of the alleged breach. Cal. Civ. Proc. Code § 339; *Hinton v. Pacific Enterprises*, 5 F.3d 391, 394 (9th Cir.1993).

Wang alleges that Bell & Howell breached an implied-in-fact contract that he would only be terminated for good cause. The complaint does not allege that the confirmation letter and/or the relocation policy constituted a written contract. He also has not plead a breach of a written contract or a breach of the confirmation letter and/or relocation policy. Furthermore, even assuming, argumendo, that the confirmation letter and relocation policy constituted a written contract, they do not state or imply that Wang could only be terminated for cause. Under California law, employment contracts are presumed to be at will. Cal Labor Code § 2922; *Foley v. Interactive Data Corp*, 47 Cal. 3d 654, 677 (1988). The confirmation letter welcomes Wang to the company, states

3

his position and starting salary, and identifies some fringe benefits; it contains nothing concerning the length of employment or terms of termination. The relocation policy sets forth what is and what is not covered for expenses related to an employee's relocation. Accordingly, Wang's implied-in-fact claim is not based on a written contract, and the two-year statute of limitations applies. Wang filed his complaint almost three years after he was terminated. Count I of Wang's complaint is time barred.

Count II of Wang's complaint alleges a breach of the covenant of good faith and fair dealing. The two-year statute of limitations in § 339 of the California Code of Civil Procedure applies to claims of a breach of the covenant of good faith and fair dealing. *Eisenberg v. Insurance Co. of North America*, 815 F.2d 1285, 1292 (9th Cir. 1987). Therefore, Count II of Wang's complaint is time barred.

Count III of Wang's complaint alleges solicitation of employees by misrepresentation in violation of California's Labor Code, Section 970, et seq. Wang argues that the three-year statute of limitations applies to his statutory claim. Bell & Howell argues that a one-year statute of limitations applies.

Section 338 of the California Code of Civil procedure provides a three year statute of limitations for actions based on a liability created by statute. Cal. Civ. Proc. Code § 337. Count III of Wang's complaint is derived from a California statute. *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1018 (9th Cir. 2000) (*Aguilera*), cited by Bell & Howell, does not support its argument. In *Aguilera*, the Ninth Circuit recognized that the lower court found a one-year statute of limitations was applicable to the plaintiff's § 970 claim. However, the Ninth Circuit did not address the propriety of such finding because it was not argued on appeal. In addition, the lower

4

court's analysis, which lead to its final conclusion, cannot be assessed because that decision is not published. Moreover, *Munoz v. Kaiser Steel Corp.*, 203 Cal. App. 3d 965 (1984) (*Munoz*), cited in *Aguilera*, does not stand for the proposition that a one-year statute of limitations should be applied to § 970 claims. *Munoz* states that a one year statute of limitations applies to sections 971 and 972. *Munoz*, 156 Cal. App. 3d at 980. Such a finding is supported by § 340 which imposes a one-year statute of limitations on penalties which would be applicable to §§ 971 and 972. *See* Cal. Civ. Proc. Code §§ 340, 971, 972. However, § 970 does not impose a penalty so § 340 would not apply.

This Court was unable to find any other cases addressing this issue with the exception of a recent unpublished opinion by the Ninth Circuit. In *Hunt v. General Motors/Hugh Electronics*, 229 F.3d 1157 (9th Cir. 2000), the Ninth Circuit stated that the plaintiff's § 970 claim was governed by the three-year statute of limitations provided by § 338.

Based on the above facts, the applicable statute of limitations for Wang's § 970 claim is three years based on § 340. Wang's complaint was filed within such time period. Accordingly, Wang's allegation of a violation of § 970 is not dismissed. Wang's claim for damages pursuant to § 972 is dismissed as untimely as the one year statute of limitations applies to that section.

Count IV of Wang's complaint alleges wrongful termination in violation of public policy. The applicable statute of limitations for a claim of wrongful discharge in violation of public policy is one year. *Funk v. Sperry Corp.*, 842 F.2d 1129, 1133 (9th Cir. 1988); *Barton v. New United Motor Manuf., Inc.*, 43 Cal. App. 4th 1200, 1209 (1996). Accordingly, Count IV of Wang's complaint is barred by the statute of limitations.

Bell & Howell also argue that Wang's claims are barred by the doctrine of *res judicta*. Based on the above findings, the Court need only address whether Wang's solicitation of employees by

5

misrepresentation claim is barred by the doctrine *res judicata.*

*Res judicata* bars a plaintiff's claim where there is a final judgment on the merits in an earlier action, an identity of causes of action between the earlier and the later suit, and an identity of parties or privies in the two suits. *See Imperial Corp. of America v. Federal Deposit Ins. Corp.*, 92 F.3d 1503, 1506 (9th Cir. 1996) (*Imperial*). In determining whether the two suits involve the same cause of action, the court considers: (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action, (2) whether substantially the same evidence is presented in the two suits, (3) whether the two suits involve infringement of the same right, and (4) whether the two suits arise out of the same transactional nucleus of facts.

A final judgment was made in favor of Bell & Howell in Wang's prior national origin discrimination suit. In the instant case, the remaining claim is for solicitation of an employee by misrepresentation. In that claim, Wang alleges that Bell & Howell intentionally and/or negligently enticed him to move to Illinois and misrepresented the nature and length of his employment. Wang's national origin discrimination claim was based on allegations that he was terminated based on his nation original.

Based on the substance of the two claims, the doctrine of *res judicata* would not bar Wang's existing claim. The rights and interests established in the prior judgment would not be destroyed or impaired by the prosecution of the remaining claim. In addition, the claims are based on different facts, and different evidence is required for each claim. In the present claim, Wang will need to present evidence demonstrating he took the position based on misrepresentations by Bell & Howell and that Bell & Howell made such misrepresentations. This cause of action is based on facts and evidence that lead to Wang's acceptance of the position. In contrast, in the Title VII claim, Wang

will need to present evidence of his abilities to conduct his duties, his resulting termination, and the reasons for such termination. The Title VII cause of action was based on facts and evidence in relation to Wang's abilities and his termination.

For the reasons stated above, defendant's Motion to Dismiss is granted in part and denied in part. Counts I, II, and IV of Wang's complaint are dismissed. Wang's § 970 claim in Count III is not dismissed, and Wang's § 972 claim in Count III is dismissed.

Dated: May 10, 2001

JOHN W. DARRAH
United States District Judge