Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4313 | **DATE** | 12/18/2001 |
| **CASE TITLE** | S.C. WANG vs. BELL & HOWELL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendant's motion for summary judgment is granted. All pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 19 2001 date docketed | 63 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | DEC 19 PM 3:23 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

S.C. WANG,

    Plaintiff,

v.

BELL & HOWELL DOCUMENT MANAGEMENT
PRODUCTS COMPANY,

    Defendant.

No. 00 C 4313

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiff, S. C. Wang (Wang), filed suit, *pro se*, against defendant, Bell & Howell Document Management Products Company (Bell & Howell), alleging California state law claims of breach of implied-in-fact contract, breach of the covenant of good faith and fair dealing, solicitation of employees by misrepresentation, and wrongful termination in violation of public policy. This Court dismissed Wang's breach of implied-in-fact contract, breach of the covenant of good faith and fair dealing, and wrongful termination in violation of public policy claims. Before this Court is the defendant's Motion for Summary Judgment as to Wang's remaining claim of solicitation of employees by misrepresentation.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). However, the nonmovant must still come forward with evidence

establishing the elements of its claim on which it bears the burden of proof at trial. As such, it must establish specific facts that show there is a genuine issue for trial. *Miller*, 203 F.3d at 1003.

Wang's response to defendant's Motion for Summary Judgment includes additional facts, and Wang addresses some of the undisputed facts set forth by the defendant. Wang does not specifically admit or deny any of the defendant's proposed undisputed facts. Wang also failed to include specific references to the affidavits, parts of the record, or other supporting materials, in his additional facts and in his "denials" of the defendant's proposed undisputed facts. The Court will not consider unsupported statements of fact or general "denials" that do not contain references to the factual record as required by L.R. 56.1(3). *See Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process).

In late 1996, Wang was living and working in California. At that time, he applied for a position with defendant for a position in Chicago, Illinois. (Def.'s 56.1(a)(3) Statement ¶¶ 2-3). Dick Salzman (Salzman), a Bell & Howell Recruiting Manager, informed Wang that he wanted Wang to interview for an open project manager's position at Bell & Howell. (Id., at 9). Wang was interviewed by Salzman; Rod Sewer; Gary Shublinski; Wilbur Cox; Russell Hunt; Shan Khan (Khan), the Director of Marketing; and a sales manager named Scott. (Id., at ¶ 7). Wang was hired by Khan, in January 1997. (Id., at ¶ 4).

On or about January 3, 1997, Wang completed and signed an employment application acknowledging that employment with Bell & Howell was at-will and that his employment with Bell & Howell could be terminated at any time by either party. Wang read and understood the

2

application contents prior to signing it. (Def.'s 56.1(a)(3) Statement ¶ 11). In addition, Bell & Howell maintained an Associate Guidebook which was provided to all new employees at the time of Wang's hire. (Id., at ¶ 12). The Associate Guidebook states that employment at Bell & Howell was at-will, that no one other than the President of Bell & Howell had the authority to enter into an agreement to the contrary, and that any and all such agreements were disavowed. (Id., at ¶ 13). Wang never informed anyone at Bell & Howell that the employment application and/or Associate Guidebook were inconsistent with his understanding of his employment status at Bell & Howell. (Id., at ¶ 14).

Wang began his employment at Bell & Howell on January 28, 1997. (Def.'s 56.1(a)(3) Statement 4). In early March 1997, Wang requested a three-year employment with Bell & Howell. The request was denied. (Id., at 15). On April 7, 1997, Khan, on behalf of Bell & Howell, terminated Wang for poor performance. (Id., at 5).

Wang's solicitation of employees by misrepresentation claim, pursuant to California's Labor Code, Section 970, is based on two alleged misrepresentations. First, Wang alleges that Khan misrepresented that there was an open project manager's position at Bell & Howell. In support of this allegation, Wang contends that Khan hired him as a scapegoat to take the blame for Khan's inability to launch a network scanner project by June 1997. (Def.'s 56.1(a)(3) Statement ¶¶ 26-27). Second, Wang alleges that Khan misrepresented that Wang's employment with Bell & Howell would be permanent. Khan did not state the position would be permanent, but Wang believes that Khan "understood" that the position was permanent because Wang was relocating to Chicago from California. (Id., at ¶ 28, Wang's Dep. p. 49).

Section 970 of the California Labor Code prohibits employers from inducing "employees to

3

move to, from, or within California by misrepresentation of the nature, length, or physical conditions of employment. *Tyco Indus. v. Superior Court*, 164 Cal. App. 3d 148, 155 (1985). To prove a violation of Section 970, the plaintiff must show that the employer made a knowingly false statement. *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1019 (9th Cir. 2000).

In the instant case, Wang has failed to offer any evidence that Khan made a knowingly false statement as to the open project manager position or the term of his employment. Wang does not dispute that a project manager position was open at Bell & Howell or that Salzman truthfully told him that such a position was open and that he wanted Wang to interview for the position. Furthermore, Wang offers no evidence that his employment at Bell & Howell was not that of an at-will employee and that Khan knowingly made a false statement indicating otherwise. Plaintiff admits that Khan did not state that his employment was permanent and that the employment application that he signed specifically stated that employees were at-will. Instead, Wang believes that it was "understood" that his position was permanent because he was going to relocate. Wang has failed to come forward with any evidence establishing his claim on which he bears the burden of proof at trial, and he has failed to establish specific facts demonstrating that there is a genuine issue for trial. *See Miller*, 203 F.3d at 1003. Accordingly, Bell & Howell's Motion for Summary Judgment is granted.

Dated: 12/18/01

JOHN W. DARRAH
United States District Judge

4